| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>**UNITED STATES DISTRICT JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST. ROOM 4066**<br>**NEWARK, NJ 07101**<br>**973-297-4903** |

April 2, 2020

<u>VIA CERTIFIED MAIL</u>
Ronnie Coleman, Jr.
P.O. Box #32064
Newark, NJ 07102

<u>VIA ECF</u>
Counsel for Defendants

## <u>LETTER ORDER</u>

**Re:** <u>**Ronnie Coleman, Jr. v. New Jersey Transit, et al.,**</u>
<u>**Civil Action No. 18-16835**</u>

Dear Litigants:

This matter comes before the Court by way of <u>pro se</u> Plaintiff Ronnie Coleman, Jr.'s ("Coleman" or "Plaintiff") Motion for Default Judgment, ECF No. 25, and Defendants New Jersey Transit Corporation's, New Jersey Transit Police Department's, and New Jersey Transit Corporate Headquarters' (collectively, "Defendants") Motion to Dismiss, ECF No. 26, Plaintiff's Complaint, ECF No. 1, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, Defendants' Motion is **GRANTED** and Plaintiff's Motion is **DENIED** as moot.

**I.  BACKGROUND**[1]

This action arises from allegations of misconduct that occurred when Plaintiff was arrested during an incident on a New Jersey Transit train.

On November 18, 2018, Plaintiff boarded a New Jersey Transit train at the Secaucus Junction station. Compl., Ex. A at 1, ECF No. 1.1. Plaintiff had not purchased a ticket for his trip's full fare, so he provided the train conductor with a ticket for a shorter trip as well as cash for the difference in fare. <u>Id.</u> The conductor did not accept this payment and told Plaintiff that he would have to exit the train at the next stop and purchase a proper ticket. <u>Id.</u>

---

[1] The Court accepts the facts recited in the Complaint as true for the purposes of resolving a motion to dismiss. <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008).

When the train reached the Paterson station, a New Jersey Transit Police Department officer boarded and approached Plaintiff to discuss the situation. Id. Plaintiff showed the officer his ticket and explained that he offered the conductor the fare difference in cash. Id. After a brief conversation with Plaintiff, the officer left to speak to the conductor. Id. Plaintiff alleges the conductor then told the officer, "I don't want [Plaintiff] on my train!" Id. The officer asked Plaintiff to exit the train, and when he would not, the officer allegedly pushed Plaintiff off the train and on to the station's platform, where he fell down. Id. at 2. Plaintiff claims that the officer then jumped on his back and told him that he was under arrest. Id. The officer handcuffed and put Plaintiff in his New Jersey Transit Police vehicle and called the Paterson Police Department. Id. Following questioning from the Paterson police, the New Jersey Transit officer drove Plaintiff to the Secaucus Junction station. Id. There, he was placed in a holding cell. Id. Three additional New Jersey Transit officers allegedly pushed and choked Plaintiff while he was in the cell. Id. After approximately two hours, Plaintiff was released without any charges. Id.

On December 6, 2018, Plaintiff filed suit against Defendants. ECF No. 1. The Complaint cites two causes of action under New Jersey's criminal code: (1) false imprisonment, N.J.S.A. § 2C:13-3, and (2) use of force in law enforcement, N.J.S.A. § 2C:3-7. Compl. at 2.[2] Plaintiff seeks money damages as well as a disciplinary order against the New Jersey Transit conductor and officers. Id. at 4. On March 18, 2019, this matter was stayed pending the resolution of several appeals in the Third Circuit related to New Jersey Transit's entitlement to Eleventh Amendment Immunity. See ECF No. 7. On July 12, 2019, the stay was lifted. ECF No. 14. On October 15, 2019, Defendants filed the instant Motion.[3] ECF No. 26.

## II. LEGAL STANDARD

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips, 515 F.3d at 231. Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Because Plaintiff is proceeding pro se, the Court must liberally construe the Complaint under "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). "Yet there are limits to [the Court's] procedural flexibility," and "pro se

---

[2] Under "Basis for jurisdiction," Plaintiff also cites to Model Jury Charge (Civil) 8.11C, which concerns loss of earnings in a tort case. See Compl. at 2.

[3] On September 30, 2019, Plaintiff filed a Motion for Default Judgment. ECF No. 25. Plaintiff did not first request that the Clerk enter default against Defendants. On October 1, 2019, John Regina filed a notice of appearance for Defendants and requested an extension of the time to answer, which the Clerk of Court granted. See ECF Nos. 21, 22. As discussed infra, Plaintiff's Motion for Default Judgment is moot in light of Defendants' Motion to Dismiss.

litigants must still allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

Plaintiff's Complaint must be dismissed because Plaintiff cannot bring a private lawsuit to enforce provisions of New Jersey's criminal code. See, e.g., Henry v. Essex Cty. Prosecutor's Office, No. 16-8566, 2017 WL 1243146, at *3 (D.N.J. Feb. 24, 2017) ("[P]rivate citizens are generally not allowed to enforce the state penal laws, and [v]iolations of these laws are left to the agencies charged with the enforcement of the criminal law.") (citations and internal quotation marks omitted); Itiowe v. Daniel, No. 16-7777, 2017 WL 4179811, at *1 n.4 (D.N.J. Sept. 21, 2017) (dismissing plaintiff's claims under N.J.S.A. § 2C:13-3, among other criminal statutes, and noting that plaintiff "ha[d] no standing to assert criminal actions against any defendant in this Court"). As such, Plaintiff's Complaint fails state a claim for relief.

Because Plaintiff is proceeding pro se and because he cites to the New Jersey Civil Model Jury Charges, see Compl. at 2, the Court will construe the Complaint as raising state law tort claims of false imprisonment or excessive force, rather than violations of New Jersey's criminal code. This construction, however, cannot cure the lack of subject-matter jurisdiction because the parties are not diverse. Here, Plaintiff and Defendants are all citizens of New Jersey for purposes of diversity jurisdiction. See Compl. at 1-3. As such, the Court lacks subject-matter jurisdiction to hear state law tort disputes between the parties. See 28 U.S.C. § 1332.

Finally, the Complaint cannot be saved by liberally construing Plaintiff's pleadings as stating federal civil rights violations under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 reaches every "person" acting under color of state law. 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). State agencies may be considered "the State" for purposes of Section 1983 liability, see Howlett v. Rose, 496 U.S. 356, 365 (1990), and the Third Circuit has held that Defendants here are state agencies entitled to Eleventh Amendment immunity, see Karns v. Shanahan, 879 F.3d 504, 519 (3d Cir. 2018). As such, Defendants may not be sued for damages under Section 1983. Id. Therefore, Plaintiff would also fail to state a claim under Section 1983.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, ECF No. 26, is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. Because the Complaint is dismissed, Plaintiff's Motion for Default Judgment, ECF No. 25, is **DENIED AS MOOT**.

                                        **SO ORDERED.**

                                        */s Madeline Cox Arleo*
                                        **MADELINE COX ARLEO**
                                        **UNITED STATES DISTRICT JUDGE**